**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRAIG CACCIAVILLANO, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-530 |
| v. | (JUDGE CAPUTO) |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Nationwide Insurance Company of America's ("Nationwide's") Motion to Dismiss. (Doc. 3.) Because Plaintiff Craig Cacciavillano has failed to properly plead his claims for breach of contract and statutory bad faith on the part of the Defendant insurer, his Complaint will be dismissed. However, Cacciavillano will be given an opportunity to file an amended complaint.

## BACKGROUND

On February 29, 2012, Plaintiff Craig Cacciavillano filed his Complaint in the Court of Common Pleas of Monroe County, Pennsylvania alleging the following. Cacciavillano was the owner of a 2008 Harley Davidson Fat Bob motorcycle which he purchased in January of 2008 for $25,009.36. At all relevant times, Cacciavillano maintained valid insurance on this motorcycle through Defendant Nationwide. On June 20, 2010, Cacciavillano parked the motorcycle in the parking lot of a Walmart located in East Stroudsburg, Pennsylvania. While shopping, the motorcycle was stolen.

The theft was reported to the Stroud Regional Police Department and Cacciavillano made a claim with Nationwide. On September 10, 2010, Nationwide denied coverage for

the theft. In a letter attached to the Complaint, Nationwide informed Cacciavillano that a review of the Walmart security footage revealed no motorcycles entering or leaving the parking lot in question and that it had determined there was no coverage for the loss. As a result of this failure to pay, Cacciavillano now brings a claim for breach of contract, arguing that Nationwide breached its insurance policy "by unjustly refusing to pay him the monies due, pursuant to the terms of the insurance policy." (Compl. at ¶ 12.) And, as there was no factual or legal basis for the denial of his claim, Cacciavillano also brings a bad faith insurance claim pursuant to Pennsylvania law, 42 Pa.C.S.A. § 8371. In particular, Cacciavillano alleges a lack of factual basis for the denial of the claim "since it was conclusively proven that the motorcycle was stolen and no fraud or misrepresentation was committed by the Plaintiff as set forth in the said denial letter." (Compl. at ¶ 15.)

On March 23, 2012, Nationwide removed this action to the Middle District of Pennsylvania and filed the instant motion to dismiss on March 30, 2012. However, in its Reply Brief, Nationwide proposes to convert the instant motion to dismiss into one for summary judgment under Federal Rules of Civil Procedure 12(d) and 56.[1] This motion is now ripe for the Court's review.

## DISCUSSION

**I. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When

---

[1] Federal Rule of Civil Procedure Rule 12(d) directs courts to consider motions to dismiss made under Rule 12(b)(6) as motions for summary judgment under Rule 56 where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). This requires all parties be "given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element,

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

**II. Analysis**

    **A.  Failure to State a Claim for Bad Faith**

Nationwide argues that Cacciavillano has failed to state a statutory claim for bad faith as his Complaint contains only made conclusory assertions which are insufficient to support his claim. Because Cacciavillano has failed to sufficiently plead the requisite culpability for a statutory bad faith claim, this claim will be dismissed.

Section 8371 allows for the imposition of interest, punitive damages, court costs, and attorney fees against an insurer "if the court finds that the insurer has acted in bad faith toward the insured." 42 Pa. C.S.A. § 8371.  Bad faith has been interpreted to include "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (quoting *Terletsky v. Prudential Property and Casualty Insurance Co.*, 649 A.2d 680, 688 (1997)).  In particular, a claimant must ultimately demonstrate that the insurer: (1) had no reasonable basis to deny benefits; and (2) "knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Id.* (citations omitted).

As to the first element, Cacciavillano states that "there was no factual basis for denial of the claim since it was conclusively proven that the motorcycle was stolen and no fraud or misrepresentation was committed by the Plaintiff as set for in the said denial letter." (Compl. at ¶ 15.)  Though conclusory, this sufficiently pleads Cacciavillano's assertion that Nationwide had a duty to reimburse for the theft and that there was no reasonable basis under the policy not to make such a payment.

Cacciavillano's Complaint fails, however, on the second element: that the insurer knew or recklessly disregarded its duty to make a disbursement under the policy.  In order to recover on a theory of bad faith, a plaintiff will eventually need to prove–through clear and convincing evidence–that the "defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. *Seto v. State Farm Ins. Co.*, --- F.Supp.2d ---, 2012 WL 90431, at *5 (W.D. Pa. Jan. 11, 2012) (citing *Petrecca v. Allstate Ins. Co.*, 797 A.2d 322, 325 (Pa. Super. Ct. 2002)).  Here, there are no averments of any such recklessness. Instead, Cacciavillano bootstraps his pleading on the first element to support his claim on

5

the second element, representing that bad faith existed "since [Nationwide] had no legal or factual basis." (Compl. at ¶ 17.) Such reasoning collapses the two prongs of the bad faith test and would render any non-payment by an insurer into a bad faith claim by default. Thus, as Cacciavillano has failed to plead the requisite culpability to support this claim, his claim of statutory bad faith will be dismissed.[2]

### B.     Breach of Contract Claim

In Pennsylvania, a claim for breach of contract must include: (1) "the existence of a contract, including its essential terms"; (2) "a breach of a duty imposed by the contract"; and (3) "resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct.1999)). Because Cacciavillano has not pointed to any specific contractual breach to support his breach of contract claim, this claim will also be dismissed.

While Cacciavillano's Complaint is clear that a contract existed between the two parties, it fails to point to any essential terms which were breached. Specifically, as to the alleged breach of contract, the Complaint merely avers that Cacciavillano made a claim for the theft, and that Nationwide denied coverage "notwithstanding evidence presented by the Plaintiff to the Defendant, which should have insured the payment of benefits pursuant to the said insurance policy." (Compl. at ¶¶ 10-11.) While it is obvious that Cacciavillano believes he is entitled to proceeds from his stolen motorcycle under the insurance contract, and although he explicitly avers that Nationwide "did breach its insurance contract with the

---

[2] Cacciavillano additionally pleads that "the said basis for the denial letter was the Defendant's desire not to pay a legitimate justifiable claim" and that "the handling of the claim was accomplished in bad faith." (Compl. at ¶¶ 16 & 18.) Such averments are mere conclusions and offer no weight to establishing a sufficient pleading on the issue of insurer bad faith.

Plaintiff by unjustly refusing to pay him the monies due, pursuant to the terms of the insurance policy" (*Id.* at ¶ 12), his Complaint must still point to the contractual language that Nationwide breached in its decision to deny coverage–a complaint must "show" this entitlement by alleging sufficient facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Thus, Cacciavillano's Complaint also fails to properly plead a breach of contract claim and this claim will also be dismissed.

### C.   Leave to Amend

Of course, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Additionally, Federal Rule of Civil Procedure 15(a) directs the Court to "freely give leave when justice so requires." This principle applies equally in situations where a plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if the plaintiff does not submit such an amended pleading. *Phillips*, 515 F.3d at 245. Therefore, the Court will afford Cacciavillano an opportunity to amend his improperly pleaded claims.

### D.   Determination of the Bad Faith Claim as a Matter of Law

Nationwide, in their Reply Brief, has attached materials through which they seek to defeat a statutory bad faith claim by establishing that their decision not to extend benefits was reasonable as a matter of law. However, in finding the pleadings inadequate on this claim above, the Court will decline to order additional briefing and to proceed as a motion for summary judgment on Cacciavillano's statutory bad faith claim. Additionally, the Court excludes the additional attachments submitted by Nationwide with their Reply Brief. Of course, Nationwide is free to bring a later motion for summary judgment in light of any

7

amended pleading submitted by Cacciavillano and in accordance with Rule 56 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

Cacciavillano has failed to state viable breach of contract or statutory bad faith claim against his insurer Nationwide for its failure to pay benefits. However, the Court does not find that amendment would be futile, and will allow amendment on these claims. An appropriate Order follows.

| | |
|---|---|
| June 12, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |